UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PEDRO MANUEL ALCANTAR, deceased, and survived by his wife, DULCE MARIA GONZALEZ, MARTA MEJIA VELASQUEZ, RICARDO ALCANTAR SANDOVAL; LUIS ENRIQUE SERENO, deceased, and survived by his wife, SANDRA RUBIO MARTINEZ, individually and on behalf of her minor son LS, and daughter, MS; JOSE GUADALUPE SANCHEZ, deceased, and survived by MARIA MEDINA, LUCIANO SANCHEZ, LUCIANO SANCHEZ MEDINA; JAVIER GOMER ALCANTAR, deceased, and survived by his wife, CAROLINA REBOLLO, and on behalf of her minor son, EG, and daughter, SG; BRANDON PONCE, deceased, and survived by FANNY ANDREA PONCE, CHRISTIAN PONCE, ARTURO PONCE; ABEL MEJIA, deceased, and survived by his wife, JASMINE MOLINA, individually and on behalf of her minor daughter, HM, daughter, KM; RICARDO ALCANTAR MEJIA; JOSE ALCANTAR MEJIA,<br><br>     Plaintiffs,<br><br>v.<br><br>LUIS GARCIA DIAZ, individually; ADRIAN SIRBU, individually; TOWER COMMUNICATIONS SOLUTIONS, LLC; J&A DRILLING AND CONSTRUCTION, LLC; and SIGNET CONSTRUCTION, LLC,<br><br>     Defendants. | Case No. 4:24-cv-00479-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

MEMORANDUM DECISION AND ORDER - 1

# I. INTRODUCTION

Before the Court is Plaintiffs Pedro Manual Alcantar et al.'s ("Plaintiffs") Motion for Leave to File Second Amended Complaint. Dkt. 31. Having reviewed the Motion and record, the Court finds the facts and legal argument are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court GRANTS the Motion.

# II. FACTUAL BACKGROUND

Plaintiffs' Motion for Leave to File Second Amended Complaint is unopposed by the only Defendant who has appeared and filed an Answer in this action, Signet Construction, LLC. Dkt. 14.

Defendant Luis Garcia-Diaz was personally served on October 23, 2024. Dkt. 11. To date, Mr. Garcia-Diaz has not answered Plaintiffs' Amended Complaint, and has failed to otherwise participate in this matter. Similarly, Defendant Adrian Sirbu was personally served on December 21, 2024. Dkt. 19. Although her answer was due on January 13, 2025, Sirbu has neither filed an answer nor appeared in this case. Defendant J&A Drilling and Construction, LLC ("J&A Drilling") was served on February 28, 2025 (Dkt. 30) but has also failed to appear or respond to Plaintiffs' Amended Complaint. Finally, on February 20, 2025, the Court entered an Order authorizing Plaintiffs to serve Defendant Tower Communications Solutions, LLC ("Tower") via publication.[1] On April 15, 2025, Plaintiffs

---

[1] Although the Court also allowed Plaintiffs to serve J&A Drilling via publication, Plaintiffs later personally served J&A Drilling's Registered Agent. *Compare* Dkt. 28 *with* Dkt. 30.

filed affidavits from the publishers of the newspapers in which Plaintiffs filed notice of the instant action for four consecutive weeks. Dkts. 35, 36. With respect to Tower, Plaintiffs completed service via publication on March 18, 2025. Dkt. 36. In addition, Tower was served through first class mail on or about February 24, 2025. Dkt. 37. To date, Tower has neither appeared nor answered Plaintiffs' Amended Complaint.

Plaintiffs filed the instant Motion to Amend to add Millenium Networks, LLC d/b/a Silver Star Communications ("Silver Star"), and Western Mountain, Inc. ("Western Mountain"), as defendants. Dkt. 31. As a result of recently obtained documentation received from a subpoena Plaintiffs served on the City of Rexburg, Idaho, as well as additional facts Plaintiffs have discovered through ongoing discovery, Plaintiffs learned Silver Star and Western Mountain were responsible for hiring Tower, Sirbu, J&A Drilling, and Diaz to bury fiber optic cable in Rexburg. While accomplishing this task, Diaz caused the fatal accident at issue in this suit. Plaintiffs accordingly seek leave to amend to add Silver Star and Western Mountain as Defendants. As mentioned, Signet does not oppose the Motion.

### III. LEGAL STANDARD

Where, as here, a plaintiff has already amended its complaint once pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), a plaintiff may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2).[2] "The

---

[2] If a party files a motion to amend after the deadline to amend has expired, district courts in the Ninth Circuit first apply Federal Rule of Civil Procedure 16(b), followed by a Rule 15(a) analysis. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607–08 (9th Cir. 1992). Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Although, since the deadline for amendment has not expired, the Court need not consider whether Plaintiffs have established good cause for amendment under Rule 16, the Court nevertheless finds there is good cause to permit amendment given Plaintiffs' recent discovery of potentially responsible parties.

court should freely give leave when justice so requires." *Id*. Leave to amend lies within the sound discretion of the trial court, which "must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

The Rule 15 policy in favor of amendment "is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (cleaned up) ("*Eminence*"). As such, leave should be granted in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("*Foman* factors"). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Id*. However, denying leave to amend without a justifying reason constitutes an abuse of discretion. *Id*.

## IV. ANALYSIS

Of the *Foman* factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Here, Defendants have not only failed to articulate any prejudice, but have also failed to respond—to either Plaintiffs' Amended Complaint or to Plaintiffs' Motion for Leave to File Second Amended Complaint. Where, as here, a party elects not to file a response to a moving party's motion, "such . . . may be deemed to constitute a consent to the . . . granting of said motion." Dist. Idaho Loc. Civ. R. 7.1(e)(1). Further, in the absence

MEMORANDUM DECISION AND ORDER - 4

of any identified prejudice to Defendants, there is a presumption under Rule 15(a) in favor of granting leave to amend. *Eminence*, 316 F.3d at 1052.

?None of the *Foman* factors weigh against the aforementioned presumption. Plaintiffs have not delayed in seeking amendment, and instead moved to amend as soon as they discovered Silver Star and Western Mountain's alleged liability. In addition, far from illustrating any bad faith or dilatory motive, Plaintiffs have diligently moved forward with discovery even while four of the five current Defendants have failed to appear.

Next, although Plaintiffs amended their original Complaint—less than one-week after filing this suit—in order to add clarifying details, Plaintiffs have not failed to cure deficiencies in the original Complaint, much less repeatedly failed to do so. Nor can the Court find that amendment would be futile. Instead, amendment is necessary because, as noted, Plaintiffs recently discovered Silver Star and Western Mountain were responsible for hiring Tower, Sirbu, J&A Drilling, and Diaz to bury fiber optic cable in Rexburg. Silver Star and Western Mountain allegedly knew of all the events and work assignments rendered for this project, were supposed to maintain certain insurance requirements, and were responsible for all of the burying crews, including Diaz, the intoxicated driver who caused the horrific car accident at issue in this suit. Despite their purported responsibility for Diaz, as well as for the fifteen other undocumented immigrants on Diaz's crew, Silver Star and Western Mountain have refused to voluntarily appear in this litigation. Dkt. 31, ¶ 10. As such, it would not be futile to allow Plaintiffs to amend in order to bring negligence and intentional and negligent infliction of emotional distress claims against Silver Star and Western Mountain.

MEMORANDUM DECISION AND ORDER - 5

Absent prejudice or *any* showing—let alone a strong showing—with respect to the remaining *Foman* factors, leave to amend is appropriately granted pursuant to Rule 15(a)(2).

## V. ORDER

Now, therefore, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Leave to File Second Amended Complaint (Dkt. 31) is **GRANTED**;

2. Plaintiffs must file the Second Amended Complaint within fourteen (14) days of the issuance of this Order.

DATED: April 25, 2025

_____
David C. Nye
Chief U.S. District Court Judge