Bruce R. McAllister, ISB No. 2531
Cody L. Morgan, ISB No. 10331
ANDERSON, JULIAN & HULL LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
P. O. Box 7426
Boise, ID  83707-7426
Telephone: (208) 344-5800
Facsimile: (208) 344-5510
iCourt/ e-File: service@ajhlaw.com
                bmcallister@ajhlaw.com
                cmorgan@ajhlaw.com

*Attorneys for Defendant Signet Construction, LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| PEDRO MANUEL ALCANTAR, Deceased, and survived by his wife, DULCE MARIA GONZALEZ, MARTA MEJIA VELASQUEZ, RICARDO ALCANTAR SANDOVAL; LUIS ENRIQUE SERENO, Deceased, and survived by his wife, SANDRA RUBIO MARTINEZ, individually and on behalf of her minor son LS, and daughter, MS; JOSE GUADALUPE SANCHEZ, Deceased, and survived by MARIA MEDINA, LUCIANO SANCHEZ, LUCIANO SANCHEZ MEDINA; JAVIER GOMER ALCANTAR, Deceased, and survived by his wife, CAROLINA REBOLLO, and on behalf of her minor son, EG, and daughter, SG; BRANDON PONCE, Deceased, and survived by FANNY ANDREA PONCE, CHRISTIAN PONCE, ARTURO PONCE; ABEL MEJIA, Deceased, and survived by his wife, JASMINE MOLINA, individually and on behalf of her minor daughter [sic], HM, daughter, KM; RICARDO ALCANTAR MEJIA; JOSE ALCANTAR MEJIA; and JORGE ORTEGA, <br><br> Plaintiffs, | **Case No. 24-cv-479** <br><br> SIGNET CONSTRUCTION, LLC's MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DKT 91-10 REYES REPORT |

SIGNET CONSTRUCTION, LLC's MEMORANDUM IN SUPPORT OF MOTION TO
STRIKE DKT 91-10 REYES REPORT - 1

vs.

LUIS GARCIA DIAZ, Individually,
ADRIAN SIRBU, individually; TOWER
COMMUNICATIONS SOLUTIONS, LLC;
J&A DRILLING AND CONSTRUCTION,
LLC, MILLENIUM NETWORKS, LLC
d/b/a SILVER STAR COMMUNICATIONS,
WESTERN MOUNTAIN, INC., GOLD
COMMUNICATIONS EXPERT INC., and
SIGNET CONSTRUCTION, LLC,

   Defendants.

## I.
## INTRODUCTION

Defendant Signet Construction, LLC ("Signet Construction") by and through its counsel of record, Anderson, Julian & Hull, hereby submits its Memorandum in Support of its Motion to Strike DKT 91-10 Reyes Report. For the reasons set forth below, Dr. Reyes' Report is inadmissible unsworn hearsay that has not been properly submitted into the record in violation of Federal Rules of Evidence 603, 801, and 802. (*F.R.E. 603, 801, 802*). Additionally, even if the Report met an exception to the hearsay rules or was otherwise admissible, Dr. Reyes' Report includes substantive expert opinions that should be stricken from the record for the reason that they consist of inadmissible legal conclusions, or lack foundation, or fail to assist the finder of fact, or all three. (*F.R.E. 702, 703, 704*).

## II.
## LEGAL STANDARD

Federal Rule of Evidence 603 requires that, before testifying, "a witness must give an oath or affirmation to testify truthfully. It must be in a form designed to impress that duty on the witness's conscious." F.R.E. 603. Federal Rule of Evidence 802 states that "[h]earsay is not admissible unless any of the following provides otherwise:

SIGNET CONSTRUCTION, LLC's MEMORANDUM IN SUPPORT OF MOTION TO
STRIKE DKT 91-10 REYES REPORT - 2

- A federal statute;

- these rules; or

- Other rules prescribed by the Supreme Court.

F.R.E. 802.

Unsworn expert reports are inadmissible hearsay evidence. *Aecon Bldgs, Inc. v. Zurich N. Am.*, 572 F. Supp. 2d 1227, 1237 (W.D. Wash. 2008). "Courts in the Ninth Circuit have routinely held that unsworn expert reports are inadmissible on summary judgment." *Est. of Petersen by & through Petersen v. Koelsch Senior Communities, LLC*, No. CV 22-11-BLG-SPW, 2025 WL 1443105, at *4 (D. Mont. May 20, 2025)(collecting cases). For the report to be considered admissible, "it must be accompanied either by a proper affidavit or deposition testimony that verifies the report." *Id.* "Alternatively, the expert report is admissible if it was signed under the penalty of perjury." *Id.* (citing, *American Federation of Musicians of United states and Canada v. Paramount Pictures Corporation*, 903 F.3d 968, 977-78 (9th Cir. 2018).

Under the Federal Rules of Evidence, persons qualified as an "expert" may testify as to their opinions:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) The testimony is based on sufficient facts or data;

(c) The testimony is the product of reliable principles and methods; and

(d) The expert has reliably applied the principles and methods to the facts of the case.

F.R.E. 702.

SIGNET CONSTRUCTION, LLC's MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DKT 91-10 REYES REPORT - 3

Thus, expert testimony is admissible where it is shown that the testimony will reliably assist the trier of fact in understanding the evidence or determining a disputed issue of fact. *United States v. Brodie*, 858 F.2d 492, 496 (9th Cir. 1988).

### III.
### ARGUMENT

**A. Dr. Reyes' Report is Inadmissible as it is unsworn.**

Dr. Reyes' Report should be stricken from the record as unsworn hearsay. In support of their Motion for Leave to File Fourth Amended Complaint, (Dkt. 91), Plaintiffs submitted a document identified as "Dkt. 91-10," which appears to be a Report by Michael Reyes, Ph.D. BME. (DKT 91-10, p. 4). However, while this report appears to have been authored and signed by Dr. Reyes as required by Federal Rule of Civil Procedure 26, Fed. R. Civ. Pro. 26, it was not submitted as part of a declaration or affidavit from Dr. Reyes nor is it signed under "penalty of perjury." In other words, Dr. Reyes' report was simply submitted by Plaintiffs' counsel without the required oath of Federal Rule of Evidence 603 and in violation of the rule against hearsay in the Federal Rules of Evidence. (F.R.E. 603, 801, 802).

As noted above, courts in the Ninth Circuit have routinely held that such reports are inadmissible on a motion for summary judgement as they fail the requirement of Rule 56 to be sworn evidence. *Est. of Petersen by & through Petersen v. Koelsch Senior Communities, LLC*, No. CV 22-11-BLG-SPW, 2025 WL 1443105, at *4 (D. Mont. May 20, 2025)(collecting cases). However, the same principle holds true when supporting a Motion for Leave to include adding a claim for punitive damages as the Court must "assess whether the evidence submitted by the moving party is: (1) admissible at trial; and (2) 'sufficient' to support an award of punitive damages." *Davis v. Blast Properties, Inc.*, 174 Idaho 37, 41, 551 P.3d 706, 710 (2024). The Idaho

SIGNET CONSTRUCTION, LLC's MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DKT 91-10 REYES REPORT - 4

Supreme Court in *Davis* did not spend much time on "admissible" as "the admissibility of evidence is guided by the rules of evidence and we need not say more on this point." *Id.*

In this case, Plaintiffs and Dr. Reyes have failed to meet the foundational requirement of submitting properly sworn testimony before the Court and have merely submitted Dr. Reyes' unsworn Report. Dr. Reyes' report was not accompanied by a declaration or affidavit testifying to its contents nor is it signed under penalty of perjury as was the report at issue in *American Federation of Musicians of United states and Canada v. Paramount Pictures Corporation*. 903 F.3d at 977-78 which the Ninth Circuit found to be an acceptable alternative. Rather than following that process, Plaintiffs merely attached the Report as an additional document in the docket.

This foundational requirement to submit evidence through sworn testimony is reiterated in the Court's local Rules, which state, "the moving party must serve and file with the motion affidavits required or permitted by Federal Rule of Civil Procedure 6(c), declarations submitted in accordance with 28 U.S.C.§ 1746, copies of all photographs, documentary evidence and other supporting materials on which the moving party intends to rely." Dist. Local Rule Civ. 7.1(b)(2).

As such, Dr. Reyes' Report is clearly inadmissible and should be stricken from the record and not considered in the Court's determination of Plaintiffs' Motion for Leave to File Fourth Amended Complaint.

**B. Dr. Reyes' Opinions Should Be Excluded.**

Moreover, even if the Court finds that Dr. Reyes' Report as a whole should not be stricken, portions of his Report should be stricken as they consist of inadmissible legal conclusions, or lack foundation, or fail to assist the finder of fact, or all three. (*F.R.E. 702, 703, 704*).

In his Report, Dr. Reyes' states that he has been provided "the exception from worker's compensation," and that he believes:

SIGNET CONSTRUCTION, LLC's MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DKT 91-10 REYES REPORT - 5

the injuries and deaths were proximately caused by the willful or unprovoked physical aggression of the employer, its officers, agents, servants or employees, which physical aggression includes clear and convincing evidence that the employer, its officers, agents, servants or employees engaged in conduct knowing that injury or death to the employees was substantially likely to occur.

Dkt. 91-10, p. 56 of 62.

Dr. Reyes' opinion is clearly a legal conclusion in an effort to fit his opinions into the exception to Idaho's worker's compensation exception of Idaho Code Section 72-209(3). I.C. §72-209(3). As such, it is an inappropriate legal conclusion that is not proper for an expert opinion. As the Court is aware, "an expert witness cannot give an opinion as to her legal conclusion, *i.e.*, an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (quoting *Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002)). Moreover, [i]n addition to prohibiting legal expert testimony which defines the governing law courts have also prohibited legal expert opinion which applies the law to the facts." *Pinal Creek Grp. v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037,1043 (D. Ariz. 2005).

In fact, this Court has stricken opinions of an expert reportedly opining on the facts of a case as applied to Title IX, finding that the "Declaration contains opinions on the ultimate issue of law[.]" *L.E. v. Lakeland Joint School District #272*, 403 F. Supp. 3d 888, 898 (D. Idaho 2019). This Court should likewise strike Dr. Reyes' opinions on the ultimate issue of law regarding the application of the exception to the worker's compensation exclusive remedy for "willful physical aggression." I.C. §72-209(3).

Similarly, Dr. Reyes opines that it was "reckless and grossly negligent" by Defendant Signet to allow the Van to operate and to allow decedent "Javier Gomez Alcantar, an untrained operator with an expired license, to operate the subject van[.]" Dkt. 91-10, p. 56 of 62. However, Dr. Reyes does not establish how *he* knows the knowledge of Defendant Signet in order to make

SIGNET CONSTRUCTION, LLC's MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DKT 91-10 REYES REPORT - 6

these conclusions nor does he establish that he has the requisite knowledge as to safety procedures for construction companies to render such opinions.

Dr. Reyes appears to assume Defendant Signet's knowledge of alleged "deficiencies" in the Van by relying on "items in their interrogatory responses and declarations," from Plaintiffs. Dkt. 91-10, p. 56 of 62. However, these statements that Dr. Reyes relied upon are neither admissible nor the type of information upon which an expert would rely. While Plaintiffs did serve answers to interrogatories in this matter, and the answers to interrogatories included the information listed by Dr. Reyes, these answers to interrogatories were never verified. *Declaration of Bruce McAllister in Opposition to Plaintiffs' Motion for Leave to File Fourth Amended Complaint*, ("*Declaration of McAllister*") ¶ 10. As unverified answers to interrogatories, these statements are not admissible in evidence and, since they are not statements by a party opponent, are not the kind of statements that an expert in the field would rely upon.

Moreover, even if these statements are the kind of evidence that a biomechanical expert would rely upon, they do not establish any knowledge by Defendant Signet Construction of the alleged "deficiencies" in the Van or issues or with Javier Gomez Alcantar's ability to operate the Van. As set forth in the Declarations of Mike Zuhlke and Anna Jovel, no one with management authority at Defendant Signet Construction or Signet Farm Services, LLC had any knowledge of alleged defects in the Van. The Van had been routinely maintained and repaired and had passed a detailed Department of Labor inspection in February of 2024. As such, complaints from the Plaintiffs that were allegedly passed to Luis Medina and Roberto Hernandez cannot be imputed to Defendant Signet Construction.

Furthermore, Luis Medina makes it very clear in his deposition that he received no report from any crew member about any problems with the seat belts or any other part of the Van outside

SIGNET CONSTRUCTION, LLC's MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DKT 91-10 REYES REPORT - 7

of the replacement of a transmission in April, 2024. *See, Declaration of McAllister, Exhibit C, Luis Medina's February 11 deposition*, pages 36-41 and 45. For this reason, there was no safety concern to report to Signet Farm Services management about the Van.

Lastly, Dr. Reyes' opinions should be stricken as he has not established that he has knowledge of the applicable safety standards for a construction company to opine that Defendant Signet Construction was "reckless and grossly negligent". In fact, Dr. Reyes' deposition revealed that there was a comprehensive failure on the part of Dr. Reyes (and Plaintiffs' counsel who retained him) to familiarize himself with the basic and necessary background materials to provide him with the capacity to testify as a standard of conduct expert in this case and to permit his testimony to provide assistance to the jury as required by Federal Rule of Evidence 702. Dr. Reyes is an accident reconstruction and biomedical engineer. He has no experience in studying or investigating customary safety-related practices of a construction company. *See, Declaration of McAllister, Exhibit G,* deposition of Reyes, pp. 113. Therefore, Dr. Reyes is not familiar with the standard of conduct which would govern a company such as Signet Construction.

Moreover, Dr. Reyes did not address the issue of whether seat belt use would likely have lessened injury or death. *Declaration of McAllister, Exhibit G,* deposition of Reyes, pp. 90-96. He had never received the Defendant Signet Construction Van repair records and the DOL inspection records which are central to this case. *Declaration of McAllister, Exhibit G,* deposition of Reyes, pp. 28-30. He had never reviewed Defendant Signet Construction's October, 2023 driver safety tool talk information on the need to wear seat belts, the requirement to drive within the speed limit and updating driver's licenses. *Declaration of McAllister, Exhibit G,* deposition of Reyes, p. 78. He had never received the deposition of injured Plaintiff Jose Alcantar. He had never received the two volume testimony of the predominantly liable driver Luis Garcia-Diaz who was highly

SIGNET CONSTRUCTION, LLC's MEMORANDUM IN SUPPORT OF MOTION TO
STRIKE DKT 91-10 REYES REPORT - 8

intoxicated, crossing two center lines before suddenly crashing into the Signet van at a high rate of speed, for which he pled guilty to two counts of vehicular manslaughter for which he is serving a thirty-year sentence of incarceration. *Declaration of McAllister, Exhibit G,* deposition of Reyes, p. 31. He admits that the scope and results of the yearly Department of Labor vehicle inspections could be relied upon during the time they were accomplished. *Declaration of McAllister, Exhibit G,* deposition of Reyes, pp. 76-77. He also admitted that the claimed defects with the seats and the side door not latching appropriately did not cause death or further injury. *Declaration of McAllister, Exhibit G,* deposition of Reyes, p. 97.

With respect to the seat belts, Dr. Reyes, who had inspected the Signet van in the summer of 2025, admitted that most of the center seat belts in the van were available for proper use, but that almost no one was using those defect-free belts. *Declaration of McAllister, Exhibit G,* deposition of Reyes, p. 90. He said that it appeared that 4 of the 15 seat belts were knotted, but that the remaining seatbelts were not knotted. *Declaration of McAllister, Exhibit G,* deposition of Reyes, pp. 45-46.

As such, even assuming *arguendo* that his report should not be stricken as a whole, Dr. Reyes' opinions related to Defendant Signet Construction's actions and knowledge should be stricken from the record. Dr. Reyes relied on incomplete information, including information that a biomechanical engineer would not typically rely upon. Moreover, he made various opinions wholly outside of his area of knowledge or experience by opining as to the safety standards applicable to a construction company. For those reasons, Dr. Reyes' Report lacks the proper foundation for his opinions and is so speculative that it would not assist the trier of fact in this matter. As such, even assuming *arguendo* the Court declines to strike the opinion in its entirety, this Court should strike Dr. Reyes' opinions as to the actions of Defendant Signet Construction

and not rely upon them in deciding Plaintiffs' Motion for Leave to Amend to File Fourth Amended Complaint.

## IV.
## CONCLUSION

For the reasons set forth above, this Court should grant Defendant Signet Construction, LLC's Motion to Strike Dr. Reyes' Report in support of Plaintiffs' Motion for Leave to File Fourth Amended Complaint (Dkt. 91-10).


DATED this 10th day of March, 2026.

ANDERSON, JULIAN & HULL LLP


By_____
    Bruce R. McAllister, Of the Firm
    Cody L. Morgan, Of the Firm
    *Attorneys for Defendant Signet Construction, LLC*


SIGNET CONSTRUCTION, LLC's MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DKT 91-10 REYES REPORT - 10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of March, 2026, I served a true and correct copy of the foregoing SIGNET CONSTRUCTION, LLC's MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DKT 91-10 REYES REPORT by delivering the same to each of the following attorneys of record, by the method indicated below, addressed as follows:

Enrique G. Serna
Serna & Associates PLLC
950 W. Bannock St., Suite 1100
Boise, Idaho 83702
Telephone: (210) 865-5800
*Attorney for Plaintiffs*

☐ U.S. Mail, postage prepaid
☐ Hand-Delivered
☐ Facsimile
☒ Email: enrique@serna-associates.com
☒ iCourt/ e-File

James S. Thomson, II
Aaron G. Eskue
POWERS FARLEY, PC
702 West Idaho St., Suite 700
Boise, Idaho 83702
Telephone: (208) 577-5100
*Attorneys for Defendant Millennium Networks, LLC d/b/a Silver Star Communications*

☐ U.S. Mail, postage prepaid
☐ Hand-Delivered
☐ Overnight Mail
☐ Facsimile
☒ Email: jst@powersfarley.com
☒ iCourt/ e-File

Bren E. Mollerup
BENOIT, MOLLERUP,
DANIELSON & GRIEVE, PLLC
126 2nd Avenue North
Twin Falls, Idaho 83303
Telephone: (208) 733-5463
*Attorneys for Defendant Western Mountain, Inc.*

☐ U.S. Mail, postage prepaid
☐ Hand-Delivered
☐ Overnight Mail
☐ Facsimile
☒ Email: mollerup@benoitlaw.com
☒ iCourt/ e-File

Brady Hall
BRADY HALL LAW, PLLC
950 W. Bannock St., Suite 1100
Boise, ID 83702
Telephone: (208) 559-6656
*Attorney for Gold Communications Expert, Inc.*

☐ U.S. Mail, postage prepaid
☐ Hand-Delivered
☐ Overnight Mail
☐ Facsimile
☒ Email: brady@bhlawidaho.com
☒ iCourt/ e-File

_____
Bruce R. McAllister

SIGNET CONSTRUCTION, LLC's MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DKT 91-10 REYES REPORT - 11